# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESSE L. PODBORNY ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security ) <br> ) <br> Defendant. ) | No. CV 09-9519 AGR <br><br> **MEMORANDUM OPINION AND ORDER** |

Teresse L. Podborny filed a complaint on January 8, 2010. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on January 28 and February 19, 2010. (Dkt. Nos. 8, 9.) On October 5, 2010, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///
///
///
///
///

# I.

## **PROCEDURAL BACKGROUND**

On June 17, 2005, Podborny filed an application for supplemental security income benefits. Administrative Record ("AR") 27. She alleged a disability onset date of August 1, 2004. *Id.* The application was denied initially and on reconsideration. *Id.* Podborny requested a hearing before an Administrative Law Judge ("ALJ"). AR 69. On June 20, 2007, an ALJ conducted a hearing at which Podborny and a vocational expert testified. AR 77-106. On August 31, 2007, the ALJ issued a decision denying benefits. AR 27-33. On October 30, 2009, the Appeals Council denied Podborny's request for review. AR 5-8. This action followed.

# II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523.

///
///
///

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled and is eligible for benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

## B. The ALJ's Findings

The ALJ found that Podborny has the severe impairments of fibromyalgia and depression.  AR 29.  She has the residual functional capacity ("RFC") "to perform light work that would require occasional climbing, balancing, stooping, kneeling, crouching and crawling and entail simple, repetitive tasks." *Id.*  The ALJ found that Podborny has no past relevant work, but there are jobs that exist in significant numbers in the national economy that she can perform, such as small parts assembler, cleaner/housekeeper, and sorter/grader.  AR 32-33.

## C. Examining Physician

Podborny's sole contention is that the ALJ failed to consider properly the opinion of the consultative examining psychiatrist, Dr. Hirokawa.  JS 4-7.  Specifically, Podborny argues that the ALJ "impermissibly dismissed" the portion of Dr. Hirokawa's opinion regarding the moderate likelihood of Podborny emotionally deteriorating in a work environment, and, therefore, the ALJ's finding she can perform simple repetitive tasks lacks substantial evidence.

An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). When an examining physician's opinion is contradicted, "it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'"

1  *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citation
2  omitted).

3        Contrary to Podborny's contention, substantial evidence supports the ALJ's finding
4  that Podborny can perform simple, repetitive tasks.  The ALJ considered Dr. Hirokawa's
5  opinion and gave it significant weight.  AR 31.  He noted that Dr. Hirokawa "found that
6  [Podborny] has depression, but has a current Global Assessment of Functioning ("GAF")
7  of 60[1] and a fair ability to function mentally."  AR 31, 374.  Dr. Hirokawa opined that
8  Podborny has a fair ability to understand and remember very short and simple
9  instructions, complete a normal workday and workweek without interruptions on a
10 consistent basis, and deal with various changes in the work setting.  AR 31, 374-75.
11 The likelihood of her emotionally deteriorating in a work environment is moderate.  AR
12 375.

13       Podborny interprets Dr. Hirokawa's opinion that she is moderately likely to
14 experience emotional deterioration in a work environment as inconsistent with her "fair"
15 ability to deal with various changes in the work setting and complete a normal workday
16 and workweek without interruptions on a consistent basis.  Therefore, Podborny argues
17 that the ALJ's RFC does not account for the moderate likelihood of emotional
18 deterioration.  JS 6.

19       It is the ALJ's province to interpret the medical evidence.  When the evidence is
20 susceptible to more than one rational interpretation, a court must defer to the decision of
21 the Commissioner.  *Moncada*, 60 F.3d at 523.  Dr. Hirokawa assessed both a fair ability
22 to deal with changes in the work setting and complete a normal workday/workweek

---

[1] A GAF between 51-60 is defined as "[m]oderate symptoms (*e.g.*, flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (*e.g.*, few friends, conflicts with peers or co-workers)." American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders,* 34 (4th ed. 2000).  A GAF is not determinative of mental disability for Social Security purposes. *See* 65 Fed. Reg. 50746, 50765 (August 21, 2000) ("[The GAF scale] does not have a direct correlation to the severity requirements in our mental disorder listings.").

without interruptions on a consistent basis, and a moderate likelihood of emotional deterioration. AR 374-75. A reasonable inference is that these assessments are not internally inconsistent. There is no indication the ALJ rejected Dr. Hirokawa's opinions. To the extent Podborny argues the ALJ should have addressed each individual sentence, the argument is rejected. An "ALJ does not need to discuss every piece of evidence." *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (citation and quotation marks omitted).

The ALJ also considered the opinions of non-examining physicians Dr. Bonner and Dr. Garcia, who opined that Podborny was moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. AR 31, 391. The ALJ gave greater weight to the opinion of Dr. Hirokawa because he examined Podborny. AR 31. The ALJ did not err.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: April 14, 2011

_____
ALICIA G. ROSENBERG
United States Magistrate Judge